**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KINSALE INSURANCE COMPANY,
an Arkansas corporation,

Plaintiff,

v. Case No. 2:25-cv-00618-JCH-KRS

PECOS VALLEY PRODUCTION, INC.,
a New Mexico corporation; and KYLE
GREATHOUSE, an individual,

Defendants.

---

PECOS VALLEY PRODUCTION, INC.,
a New Mexico corporation; and KYLE
GREATHOUSE, an individual,

Counter Plaintiff,

v.

KINSALE INSURANCE COMPANY,
an Arkansas corporation,

Counter Defendant.

**ORDER GRANTING [47] MOTION FOR ENTRY OF**
**STIPULATED PROTECTIVE ORDER**

This matter is before the Court on the "Stipulated and Unopposed Motion For Entry Of Stipulated Protective Order," filed by Counter Defendant Kinsale Insurance Company and Counter Plaintiff Pecos Valley Production, Inc. on August 11, 2026. (**Doc. 47**). Finding good cause pursuant to Fed. R. Civ. P. 26(c) for entry of a blanket protective order as set forth in the "Whereas" clauses of the parties' Stipulated Protective Order, and noting the agreement of the parties, the Court **GRANTS** the Motion and enters the parties' Stipulated Protective Order, with slight modifications, as follows:

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED between Counter Defendant Kinsale Insurance Company ("Kinsale") and Counter Plaintiff Pecos Valley Production, Inc. ("PVP"), subject to approval of the Court, and pursuant to Federal Rule of Civil Procedure 26(c), that the following Stipulated Protective Order shall protect the discovery and dissemination of CONFIDENTIAL INFORMATION in this case:

WHEREAS certain information that is, has, or may be produced and/or sought by discovery requests in this action may constitute confidential or proprietary information, trade secrets or other confidential research development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G);

WHEREAS certain information specifically relates to Kinsale's claim handling guidelines and underwriting materials which Kinsale has taken reasonable steps to protect from public dissemination due to its actual commercial value to others and which could cause potential or actual commercial harm to Kinsale;

WHEREAS the parties do not intend for and will not treat information or documents available to the public or not previously kept in a confidential manner to be subject to this Stipulated Protective Order;

WHEREAS discovery will be facilitated if the parties are allowed to produce such information under a protective order pursuant to Federal Rule of Civil Procedure 26(c); and

WHEREAS, pursuant to Federal Rule of Civil Procedure 26(c) and as stipulated by the parties, the Court deems it appropriate to limit disclosure of certain confidential information as set forth below.

IT IS HEREBY ORDERED THAT this Stipulated Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, only if such documents, materials and information are reasonably deemed to be confidential and are designated as "Confidential – Subject to Protective Order" consistent with Paragraph 2 and 3.

1. As used in this Stipulated Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

2. To be treated as confidential under this Stipulated Protective Order, confidential documents must be designated as "Confidential – Subject to Protective Order." "Confidential Information" means information or documents of any kind that are designated as "Confidential – Subject to Protective Order" based on the designating party's good faith belief that the information or documents:

a. Contain trade secret information, as defined by the New Mexico Uniform Trade Secret Act, NMSA §§ 57-3A-1 et seq. and case law interpreting the statute, or other applicable law.

b. Contain confidential, technical, commercial, financial or business information that does not meet the statutory definition of a "trade secret" but that, like a trade secret, will lose some or all of its value if disclosed to the general public.

3. Information designated as "Confidential – Subject to Protective Order" shall be information that is confidential and implicates common law or statutory privacy interests

constituting or containing business or trade secret information of demonstrably proprietary, confidential or commercially sensitive nature. For purposes of this Stipulated Protective Order, this information shall be referred to as "CONFIDENTIAL INFORMATION." CONFIDENTIAL INFORMATION shall not be disclosed or used for any purposes except for this case.

4. Prior to being given access to stamped confidential documents, any person falling within Paragraph 7 shall be provided with a copy of this Stipulated Protective Order and shall execute a copy of the Endorsement of Stipulated Protective Order attached as **Exhibit A**. Counsel providing such access to stamped confidential documents shall retain copies of the Endorsement(s) of Stipulated Protective Order and shall provide them to counsel producing stamped confidential documents as provided below. For testifying experts, a copy of the Endorsement of Stipulated Protective Order executed by the testifying expert shall be furnished to counsel for the party who produced the stamped confidential documents to which the expert has access, either at the time the stamped confidential documents are provided to the testifying expert or at the time the expert's designation is served, whichever is later.

5. Stamped confidential documents shall have the following language stamped on each page that contains confidential information, or shall otherwise have such language clearly marked: **CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

6. Such stamping or marking will take place prior to production by the producing party, or subsequent to selection by the receiving party for copying but prior to the actual copying if done expeditiously. The stamp or marking shall be affixed or placed in such a manner as to not obliterate or obscure any written matter. In the case of deposition testimony, confidentiality designations shall be made within 30 days after the date this order is entered or within 30 days after the taking of such deposition, whichever shall occur later, and shall specify the testimony

designated confidential by page and line number(s). Until the expiration of such 30-day period, the entire text of the deposition, excluding documents previously produced and not marked confidential, shall be treated as confidential under this Stipulated Protective Order. Should no designation be made during the 30-day period, then the entirety of the deposition shall not be considered confidential.

7. CONDIENTIAL INFORMATION shall not, without the consent of the party producing it or further order of the Court, be disclosed except that such information may be disclosed to:

a. attorneys actively working on this case;

b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in preparation for trial, at trial or at other proceedings in the case;

c. the parties and any insurer of a party;

d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation of the expert's or consultant's opinion(s) for this case, trial or other proceedings in this case;

e. the Court and its employees;

f. stenographic reporters who are engaged in proceedings necessarily incident to this action;

g. deponents, witnesses or potential witnesses;

h. any mediator or arbitrator selected with the consent of all parties or by the Court; and

i. other persons by written agreement of the parties prior to such disclosure.

8. If at any time a party wishes for any reason to dispute a designation of stamped confidential documents hereunder, such party shall notify the designating party of such dispute in writing, specifying the exact document numbers of the stamped confidential documents in dispute

and the precise nature of the dispute with regard to each such stamped confidential document. If the parties are unable to resolve the dispute, the proponent of confidentiality shall apply by motion to the Court for a ruling as to whether or not the stamped confidential documents are entitled to confidential status or protection, provided such motion is made within 15 days from the date on which the parties, after good faith attempt, cannot resolve the dispute or such other time period as the parties may agree. If no motion is filed, the contested documents shall be considered not confidential and not subject to this Protective Order.

9. All stamped confidential documents, whether or not such document is in dispute pursuant to Paragraph 8 above, shall retain that designation and be treated as CONFIDENTIAL INFORMATION in accordance with the terms hereof unless and until:

a. the time period for filing a motion for protective order set forth in Paragraph 8 has expired without the filing of any such motion;

b. the producing party agrees in writing that the material is no longer CONFIDENTIAL INFORMATION subject to the terms of this Stipulated Protective Order; or

c. ten days after the expiration of the appeal period (or such longer time as ordered by this Court) of an order that the matter shall not be entitled to confidential status if the order on appeal is not subject to a stay.

10. The parties shall comply with the good-faith conferral requirement of Fed. R. Civ. P. 26(c)(1) and Fed. R. Civ. P. 37(a)(1), and the requirements of D.N.M. LR-Civ. 7.1, before filing any motion relating to this Stipulated Protective Order.

11. In the event that CONFIDENTIAL INFORMATION is inadvertently produced without designating such documents or information as "Confidential – Subject to Protective Order," the parties claiming confidentiality shall properly designate such documents or

information as “Confidential – Subject to Protective Order” and the other party shall be bound by such designations pursuant to the terms of this Stipulated Protective Order, but shall not be deemed to be in breach of this Stipulated Protective Order by reason of any use or disclosure of such CONFIDENTIAL INFORMATION that occurred prior to notification of the correct designation. Inadvertent production of such documents or information in this case without designation of “Confidential – Subject to Protective Order” shall not be deemed a waiver, in whole or in part, of a party’s claim to confidentiality of such document or information, either as to the specific information disclosed or as to any other information relating to the subject matter of the information disclosed.

12. If any party or person subject to this Stipulated Protective Order receives a court order, subpoena, or other process demanding production of CONFIDENTIAL INFORMATION, that person or party shall immediately notify the attorneys of the designating party of the documents sought by the court order, subpoena, or other process; shall furnish those attorneys of record with a copy of the same; and shall not interfere with respect to any procedure sought to be pursued by the designating party whose interests may be affected. The designating party shall have the burden of defending against the court order, subpoena, or other process. After such notice and the passage of at least 48 hours or designated time for production, whichever is greater, the party served with the court order, subpoena or other process shall comply with his or her legal obligation to produce such documents except to the extent the designating party has filed for or succeeded in obtaining an order modifying, staying, or quashing the order, subpoena, or other process.

13. This Stipulated Protective Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Stipulated Protective Order imply that stamped confidential documents are properly discoverable, relevant, or admissible in this or any

other litigation. Each party reserves the right to object to any disclosure of stamped confidential documents and/or information therefrom that the producing party designates as stamped confidential documents on any other ground it may deem appropriate.

14. The production of privileged or work-product protected documents, electronically stored information ("ESI"), or other information—whether inadvertent or otherwise, as long as not affirmatively used—is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulated Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness, and/or segregation of privilege and/or protected information before production.

15. The terms of this Stipulated Protective Order shall survive and remain in effect after the termination of this litigation. The parties shall take such measures as necessary and appropriate to prevent the public disclosure of stamped confidential documents and/or information therefrom, through inadvertence or otherwise, after the conclusion of this litigation.

16. At the conclusion of this case, unless other arrangement is agreed upon, each document and all copies therefore which have been designated as "Confidential – Subject to Protective Order" shall be returned within 30 days to the party that designated it, or the parties may elect to destroy such documents. The party destroying CONFIDENTIAL INFORMATION must provide a written certification to the designating party that the CONFIDENTIAL INFORMATION has been destroyed. Counsel for the parties may maintain an archive copy of the CONFIDENTIAL INFORMATION solely for the purpose of accurately documenting the litigation of the case. Such archive records shall not be disclosed or produced to any person other

than counsel for the parties unless the party producing the CONFIDENTIAL INFORMATION is notified of the proposed disclosure or use and is given no fewer than 30 days to seek a protective order restricting any further use or disclosure of such documents.

17. The entry of this Stipulated Protective Order shall be without prejudice as to the rights of the parties or any one of them, or of any non-party, to assert or apply for additional or different protection.

18. All parties and counsel for such parties in this litigation shall make a good faith effort to ensure that their experts, employees, and agents comply fully with this Stipulated Protective Order. In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Stipulated Protective Order.

19. The terms of this Stipulated Protective Order do not preclude, limit, restrict, or otherwise apply to the use of CONFIDENTIAL INFORMATION at court proceedings. Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice of the intended use of the confidential document to opposing counsel as may be required by a scheduling or other order. Any party may move the Court for an order that the confidential document be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing.

20. The parties acknowledge that this Stipulated Protective Order does not entitle them to seal CONFIDENTIAL INFORMATION filed with this Court. In the event a party seeks to file any documents containing CONFIDENTIAL INFORMATION subject to protection under this Stipulated Protective Order with the Court, that party must take appropriate action to ensure that

the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. If the non-filing party consents to the filing being made under seal, the submitting party may file a document designated as confidential under this Stipulated Protective Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as CONFIDENTIAL INFORMATION (the "designating party") and the CONFIDENTIAL INFORMATION contained in the document which is sought to be filed under seal. The motion shall explain why the document is sealable under the applicable rules of procedure and/or Tenth Circuit law, and shall include a statement that the non-filing party agrees or consents to the filing being made under seal. If the non-filing party fails to respond to a request to consent to a motion for leave to file under seal, the motion shall state what efforts were made to obtain the non-filing party's consent and the result of those efforts. If the filing party is unable to obtain the non-filing party's consent prior to filing the motion seeking leave to file under seal, the motion shall be treated as an opposed motion and the document shall not be filed on the docket prior to entry by the Court of a ruling on whether the document may be filed under seal. The objecting party shall file a response to the motion for leave to file under seal explaining the objections within seven days of the motion being filed. If the moving party wishes to file a reply, they must notify the Court (an email to Chambers (*Sweazeaproposedtext@nmd.uscourts.gov*) is sufficient) as soon as possible but no later than three business days of the response being filed, and the reply must

then be filed no later than seven days after the response is filed. The moving party may file the document under seal following entry of an order ruling on the motion, provided the motion is granted.

21. Nothing in this Stipulated Protective order shall limit or circumscribe in any manner, any rights the parties may have under common law or pursuant to any statute, regulation or ethical cannon.

22. This Stipulated Protective Order may be modified by the Court at any time sua sponte or upon motion by any party, or third party to the action, for good cause shown, following notice to all parties and an opportunity for them to be heard.

IT IS SO ORDERED this 12th day of August, 2026.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

APPROVED BY:

CLYDE & CO US LLP

By: */s/Amy M. Samberg*
AMY M. SAMBERG
400 E. Van Buren Street, Suite 440
Phoenix, Arizona 85004
Telephone: (480) 746-4580
Amy.Samberg@clydeco.us

By: */s/Justin S. Hepworth*
JUSTIN S. HEPWORTH
7251 W. Lake Mead Blvd., Suite 430
Las Vegas, Nevada 89128
Telephone: (725) 248-2900
Facsimile: (725) 248-2907
Justin.Hepworth@clydeco.us
*Attorneys for Kinsale*

PARK & ASSOCIATES, LLC

By: *Approved 8/11/26*
AMY E. HEADRICK
3840 Masthead St. NE
Albuquerque, New Mexico 87109
Telephone: (505) 246-2805
aheadrick@parklawnm.com
*Attorney for PVP*

**EXHIBIT A**

**Endorsement of Stipulated Protective Order**

I, ________________________________________, have read the Stipulated Protective Order filed in *Kinsale Insurance Company v. Plaintiff Pecos Valley Production, Inc. et al.*, Case No. 2:25-cv-00618-JCH-KRS (D.N.M.) and agree to abide by the provisions set forth in that Stipulated Protective Order.

______________________________

Typed Name

___________________________________

Signature

DATED: __________________________